IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERACTIVE GAMES LLC,<br><br>  Plaintiff,<br><br>v.<br><br>DRAFTKINGS, INC.,<br><br>  Defendant. | Civil Action No. 19-1105-RGA |

MEMORANDUM ORDER

Before me is Defendant DraftKings' motion for attorneys' fees and costs. (D.I. 44). I have considered the parties' briefing.[1] (D.I. 45, 49, 50, 51, 52, 53). For the reasons set forth below, I **DENY** the motion for attorneys' fees and costs.

I.     BACKGROUND

Plaintiff Interactive Games previously sued Defendant in the District of Nevada in 2016, claiming infringement of ten patents not at issue in this case. (D.I. 45 at 3); *see* Plaintiff's First Amended Complaint for Patent Infringement at 2, *CG Tech. Dev. v. DraftKings, Inc.*, 2016 WL 7365649 (D. Nev. June 13, 2016) (No. 2:16-cv-00781), ECF No. 29. In that case, the court found that seven of those patents were invalid for unpatentable subject matter. (D.I. 45 at 3); Order, *CG Tech. Dev. v. DraftKings*, 2016 WL 7190547 (D. Nev. Dec. 12, 2016) (No. 2:16-cv-

---

[1] Plaintiff filed a notice of subsequent authority on July 11, 2024, pursuant to District of Delaware Local Rule 7.1.2(b). (D.I. 52). Defendant contends the notice contains argument and requests that the Court decline to consider the notice, or alternatively seeks to submit a substantive response. (D.I. 53 at 1–2). Plaintiff's notice contains two sentences that characterize the holding of the subsequent authority and provide context without substantive argument. I find that Plaintiff's notice does not violate Local Rule 7.1.2(b) and Defendant's request is denied.

1

00781), ECF No. 69. The PTAB found the three remaining patents were invalid. On appeal of the three PTAB cases, the Federal Circuit affirmed two of the decisions and Interactive Games moved to voluntarily dismiss the third appeal with prejudice. (D.I. 45 at 4); *CG Tech. Dev., LLC v. FanDuel, Inc.*, 794 F. App'x 942 (Fed. Cir. 2019) (affirmed); *Interactive Games LLC v. FanDuel, Inc.*, 792 F. App'x 838 (Fed. Cir. 2020) (affirmed); Unopposed Motion for Voluntary Dismissal, *Interactive Games LLC v. FanDuel, Inc.*, No. 19-1399 (Fed. Cir. May 14, 2019), ECF No. 30.

Plaintiff filed a complaint against Defendant in the District of Delaware in June 2019, asserting four different patents[2] "directed towards remote wagering on mobile devices." (D.I. 45 at 5; *see* D.I. 1 at 1). Defendant moved to dismiss on the grounds that all four patents were invalid for unpatentable subject matter under § 101. That motion was fully briefed. I referred the motion to a Magistrate Judge. The Magistrate Judge scheduled the motion for argument. Two weeks before the scheduled argument, the parties agreed to stay the case so that they could "explore a resolution." (D.I. 21). I promptly stayed the case. (D.I. 22).

While the case was stayed, Defendant petitioned the PTAB for *inter partes* review ("IPR") on all four patents. (D.I. 24 at 1). The parties advised they "plan to engage in settlement discussions shortly." (*Id.*). I continued the stay, and I dismissed Defendant's motion to dismiss with leave to refile once the Court lifted the stay. (D.I. 25).

The PTAB found three of the four patents to be unpatentable, but it denied institution of an IPR on U.S. Patent No. 8,974,302 ("the '302 Patent"). (D.I. 32 at 1).[3] Plaintiff appealed all

---

[2] U.S. Patent Nos. 8,956,231; 8,974,302; 8,616,967; and 9,430,901. (D.I. 1 at 1).
[3] *See* IPR2020-01110, Paper 37 at 49 (PTAB Jan. 4, 2022); IPR2020-01109, Paper 39 at 85 (PTAB Jan. 4, 2022); IPR2020-01107, Paper 39 at 56 (PTAB Jan. 4, 2022); IPR2020-01108, Paper 10 at 23 (PTAB Jan. 6, 2021) (denying institution of IPR).

three findings of unpatentability to the Federal Circuit but subsequently dismissed one of the appeals. The Federal Circuit affirmed the PTAB in the other two appeals in June 2023. (D.I. 36).[4]

Defendant requested an *ex parte* reexamination of the '302 Patent in November 2022. (D.I. 45 at 5; D.I. 36 at 1, n.1). On April 9, 2024, before the PTO completed the reexam, Plaintiff filed a notice of dismissal without prejudice of the instant case. (D.I. 50 at 4; D.I. 40). On April 12, 2024, the PTO issued an *ex parte* reexamination certificate upholding the '302 Patent. (D.I. 50 at 4).

In May 2024, Defendant filed this motion for attorneys' fees and costs. (D.I. 44).

## II.   LEGAL STANDARD

The Patent Act provides, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Under the statute there are two basic requirements: (1) that the party seeking fees is a "prevailing party" and (2) that the case is "exceptional." The Supreme Court defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The Supreme Court has provided a non-exclusive list of factors for district courts to consider in deciding whether a case

---

[4] *Interactive Games LLC v. DraftKings Inc.*, 2023 WL 3914925 (Fed. Cir. June 9, 2023) (affirming IPR2020-01110); *Interactive Games LLC v. DraftKings Inc.*, 2023 WL 3914921 (Fed. Cir. June 9, 2023) (affirming IPR2020-01109); *Interactive Games LLC v. DraftKings Inc.*, 2022 WL 1172136 (Fed. Cir. Apr. 20, 2022) (dismissing appeal of IPR2020-01107).

3

is exceptional, including frivolousness, deterrence, motivation, and objective unreasonableness in the factual and legal components of the suit. *Id.* at 554 n.6.

The moving party bears the burden of proof by a preponderance of the evidence. *Id.* at 557–58.

### III. DISCUSSION

#### A. Local Rules 7.1.1 and 7.1.3(c)(2)

Plaintiff argues Defendant failed to comply with Local Rules 7.1.1 and 7.1.3(c)(2), and therefore this motion should be dismissed. (D.I. 50 at 7).

Local Rule 7.1.1 does not apply to this motion because post-trial motions for attorneys' fees are "dispositive" motions for the purpose of Rule 7.1.1. *See In re Kerydin (Tavaborole) Topical Sol. 5% Pat. Litig. v. Lupin Ltd.*, 2021 WL 5168580, at *1 n.1 (D. Del. June 23, 2021), *report and recommendation adopted*, 2021 WL 4398356 (D. Del. Sept. 27, 2021). Defendant complied with Local Rule 7.1.3(c)(2) because it only needed to provide a fair estimate of fees in its opening brief. *See* Fed. R. Civ. P. 54(d)(2)(B)(iii). It did so. (D.I. 45 at 15-16) ("approximately $678,849.10").

Therefore, Plaintiff's request to dismiss is denied.

#### B. "Prevailing Party"

Defendant points out that it successfully invalidated the claims from three out of four of the asserted patents in concurrent IPR proceedings. (D.I. 45 at 8). Defendant notes that the Federal Circuit affirmed two of these PTAB invalidations on appeal and Plaintiff "surrendered on the third appeal." (D.I. 51 at 4). Defendant argues these results "forc[ed] [Plaintiff] into dismissal of the suit." (*Id.*).

Plaintiff notes that it voluntarily withdrew the surviving claims in the '302 patent without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (D.I. 50 at 8). Defendant argues that Plaintiff "surrendered" by voluntarily dismissing the remaining claims. (D.I. 45 at 8).

A defendant is a prevailing party under § 285 if it "effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016)). "The relevant inquiry . . . is not limited to whether a defendant prevailed on the merits." *Raniere*, 887 F.3d at 1306. "This change must be marked by 'judicial *imprimatur*.'" *CRST*, 578 U.S. at 422 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Hum. Res.*, 532 U.S. 598, 605 (2001)). When a defendant succeeds in invalidating claims in IPR proceedings and those findings are affirmed by the Federal Circuit, the defendant is a prevailing party because it has "successfully rebuffed [the plaintiff's] attempt to alter the parties' legal relationship in an infringement suit." *See Dragon Intell. Prop., LLC v. DISH Network LLC*, 956 F.3d 1358, 1361 (Fed. Cir. 2020). "A party does not need to prevail on all claims to qualify as the prevailing party." *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014).

A "voluntary change in conduct . . . lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605. When a plaintiff files a Rule 41(a)(1)(A)(i) voluntary dismissal, "there is no final court decision," and therefore the defendant is not a "prevailing party for purposes of attorney's fees under § 285." *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 993 (Fed. Cir. 2020). "[A] plaintiff's voluntary dismissal without prejudice pursuant to [Rule 41(a)(1)(A)(i)] . . . does not constitute a change in the legal relationship of the

5

parties because the plaintiff is free to refile its action." *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007).

Plaintiff states that *O.F. Mossberg & Sons* is "on all fours with this case." (D.I. 50 at 10). I disagree that *O.F. Mossberg & Sons* is controlling. In that case, the PTO invalidated the plaintiff's patent claims and the PTAB affirmed. *O.F. Mossberg & Sons*, 955 F.3d at 991–92. The plaintiff subsequently filed a notice of voluntary dismissal, and the district court dismissed without prejudice. *Id.* at 992. For the purposes of § 285, the plaintiff in *O.F. Mossberg & Sons* was not a prevailing party because there was no "final court decision." *Id.* at 993. Though the district court issued a stay, the actions that changed the legal relationship between the parties were the PTAB's decision and the plaintiff's voluntary dismissal. *Id.* "A stay, standing alone, is simply not a final court decision capable of establishing the judicial *imprimatur* required for a litigant to emerge as the prevailing party under § 285." *Id.* In the case-in-suit, by contrast, a final court decision did affect the parties' legal relationship. Plaintiff appealed the PTAB's IPR invalidity decisions to the Federal Circuit and the Federal Circuit affirmed.

By invalidating the claims in three of Plaintiff's patents through IPR proceedings, Defendant "successfully rebuffed" Plaintiff's "attempt to alter the parties' legal relationship." *See Dragon Intell. Prop., LLC*, 956 F.3d at 1361–62. The Federal Circuit's affirmance of these invalidations marked Defendant's success with "judicial *imprimatur*." *See CRST*, 578 U.S. at 422. Though Plaintiff voluntarily dismissed the remaining patent, Defendant did not need to succeed on all claims. *SSL Servs.*, 769 F.3d at 1087. Therefore, I find that Defendant is a prevailing party.

### C. "Exceptional"

A case may be exceptional due to the unreasonable manner of litigation or the substantive weakness of a party's litigating position. *See Octane Fitness,* 572 U.S. at 554.

#### 1. Unreasonable manner of litigation

Defendant argues that Plaintiff "chose to continue wasting DraftKings' resources by appealing the PTAB's decisions." (D.I. 45 at 11).[5] Defendant argues that Plaintiff "had ample opportunity to reevaluate the merits of its claims and likelihood of success at multiple points throughout the case and chose the most unreasonable and litigious path forward." (D.I. 45 at 11).

Defendant points specifically to the following as evidence of Plaintiff's unreasonable manner of litigation: (1) it sued Defendant in Nevada on ten patents, had them all invalidated, and thereafter sued Defendant in Delaware[6] on another four patents; (2) it sued six other members of the gaming industry in Nevada at about the same time as it sued Defendant; (3) it is a non-practicing entity; (4) it had over 2,000 patents and was seeking a portfolio license; and (5) it dismissed the '302 patent without prejudice rather than with prejudice. (D.I. 45 at 11–14). Defendant's specific points are noteworthy for what they do not include. There is no reference to any litigation in this Court other than the dismissal without prejudice. That's partly because

---

[5] When Defendant filed its attorneys' fees motion, it was seeking not only the $679,000 for district court litigation, but also another $1,627,000 for PTAB litigation and appeals from the PTAB litigation. (D.I. 45 at 16). During the briefing on this motion, the Federal Circuit decided *Dragon Intell. Prop. LLC v. Dish Network L.L.C.,* 101 F.4th 1366 (Fed. Cir. 2024), which meant that Defendant no longer had a basis to seek any fees other than those expended in connection with the district court litigation. The only substantive litigation in the district court was the section 101 motion, which was fully briefed on January 14, 2020. (D.I. 14). Plaintiff did not start filing appeals from the PTAB's decisions until 2022. Even if those appeals were unreasonable, they likely had a de minimis impact on how much Defendant spent on the district court litigation, which was stayed from May 4, 2020 (D.I. 22) until April 9, 2024, when it was closed.

[6] The venue change from Nevada to Delaware was as a result of a Supreme Court decision. Defendant does not ascribe anything unreasonable about the venue choice.

7

there was so little litigation in this Court, but it is also because Plaintiff's litigation behavior in this Court was extremely reasonable. It responded to a motion to dismiss, it agreed to a stay while the parties contemplated settlement, and then it agreed to an extended stay before the PTAB had made its institution decision. Plaintiff did nothing while litigating in this Court that could be interpreted as an attempt to run up Defendant's costs.

Though Plaintiff is now a non-practicing entity, when Plaintiff filed the Nevada suit in 2016 and filed this suit in June 2019, Plaintiff was affiliated with an operating business. (D.I. 45 at 12; *see* D.I. 45-1, Ex. L).[7] Even "non-practicing entities . . . are entitled to enforce their patent rights through litigation and seek settlements and licenses" so long as "the appetite for licensing revenue" does not "overpower a litigant's and its counsel's obligation to file cases reasonably based in law and fact and to litigate those cases in good faith." *Summit Data Sys., LLC v. EMC Corp.*, 2014 WL 4955689, at *4 (D. Del. Sept. 25, 2014) (quoting *Eon-Net*, 653 F.3d at 1328).

Almost all of Plaintiff's patents asserted in this case and the previous Nevada case have been invalidated. In retrospect, as discussed below, this could indicate a relatively weak litigation position. However, a patent is presumed valid, and Plaintiff has the right to litigate its patents and appeal unfavorable rulings. A party may act in bad faith, supporting a finding of unreasonable litigation behavior "by exploiting the high cost to defend complex litigation to extract a nuisance value settlement." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011). A "pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under

---

[7] CG Technology L.P. f/k/a Cantor Gaming was the operating entity in Nevada. (D.I. 45 at 6). British bookmaker William Hill Plc completed its purchase of CG Technology in August 2020. (D.I. 45-1 at 58–59, Ex. L).

§ 285." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015). Cases have cited low settlement value and litigation against other entities as evidence of an attempt to obtain a nuisance value settlement. *See, e.g.*, *Mortgage Application Techs., LLC v. MeridianLink, Inc.*, 839 F. App'x 520, 527 (Fed. Cir. 2021); *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1183–84 (Fed. Cir. 2018). But "[t]he mere existence of . . . other suits does not mandate negative inferences about the merits or purpose of this suit." *SFA Sys.*, 793 F.3d at 1351.

A request to discuss negotiating a patent license alone is not sufficient for a finding of bad faith. Rather, settlement should be encouraged. The record fails to support Defendant's repeated assertions about Plaintiff seeking a nuisance-value settlement.[8] There is no evidence at all of any settlement demand. Thus, there is no evidence of any "immediate settlement demand." *See Stone Basket*, 892 F.3d at 1883–84 (discussing number of and type of settlements previously considered exceptional); *see also Eon-Net*, 653 F.3d at 1326 (plaintiff "followed each filing with a demand for a quick settlement at a price far lower than the cost to defend the litigation").

There is no evidence about Plaintiff's litigation behavior in the other cases filed in Nevada. Each assertion letter Plaintiff sent to a gaming company had the same boilerplate: "[Plaintiff] would like to commence discussions with [company] regarding the rationale and terms of a patent license to [Plaintiff's] patent portfolio." (D.I. 45-1 at pp. 586–95, Ex. A, B). According to Defendant, settlement discussions in this case never got off the ground because the parties could not agree to terms for an NDA. (D.I. 50 at 18). By proceeding to litigate over several years, Plaintiff has indicated an "intention of testing the merits of [its] claims." *See SFA*

---

[8] Defendant's briefing tends to equate the seeking of a portfolio license with a nuisance-value settlement. While they could turn out to be the same thing, they could also turn out to be significantly different things. Defendant does not show that they are the same thing in this case.

9

*Sys.*, 793 F.3d at 1350. Indeed, Plaintiff has in fact tested the merits of its claims, litigating most of them to a conclusion. I agree with Plaintiff that Defendant has not provided evidence supporting a "goal of quick settlements" or "intent to harass."

Therefore, I find that Plaintiff has not provided sufficient evidence of an unreasonable manner of litigation to render this case "exceptional."

### 2. Substantive strength of litigating position

Defendant suggests that Plaintiff should have known that the four patents in this case were similar to the ten invalidated in the Nevada case and likely also invalid. (D.I. 45 at 9–10). Defendant notes that Plaintiff could have reevaluated its position and dropped the suit at multiple times during the proceedings—first after the PTAB instituted IPR proceedings, and again after the PTAB published its Final Written Decisions. (*Id.* at 10–11). Plaintiff counters that the four patents in this suit are all distinct from those in the Nevada case and one survived reexamination. (D.I. 50 at 11). Plaintiff notes that Defendant failed to point to a statement by the PTAB or any court that Plaintiff's position was frivolous. (*Id.*). Instead, Plaintiff states that it believed in good faith that it had strong infringement claims, and it is not unreasonable to defend in IPR proceedings initiated by Defendant. (*Id.* at 12).

"A frivolous infringement suit is one which the patentee knows, or on reasonable investigation, should have known was baseless. Therefore, the pertinent inquiry is whether [the plaintiff] knew or should have known that it could not successfully assert the [patents] against [the defendant] but pursued its infringement claim anyway." *Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269, 1273–74 (Fed. Cir. 2004) (internal citation omitted). A party "must continually assess the soundness of pending infringement claims[.]" *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013).

"[T]here is a presumption that an assertion of infringement of a duly granted patent is made in good faith." *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1375–76 (Fed. Cir. 2017). Defendant cites statistics showing that, when the PTAB has instituted IPR proceedings and issued a Final Written Decision on patent claims, more often than not the PTAB has found those claims invalid. (D.I. 45 at 11 n.8 (77.7% of claims found unpatentable in Final Written Decisions); D.I. 45-1 at 133 of 136, Ex. P). But "IPR statistics . . . are not enough, for they tell us nothing about the 'substantive strength of [the plaintiff's] litigation position." *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1379 (Fed. Cir. 2020). When a plaintiff's patent is ultimately found unpatentable, this "does not alone translate to finding its defense of the patent unreasonable." *Id.* at 1380.

I recognize that the four patents asserted in this lawsuit contain similar language and subject matter to those patents invalidated in the first Nevada suit. (*See* D.I. 45 at 9–10). However, patents are presumed valid. Defendant cites no indication that the PTAB regarded Plaintiff's arguments as frivolous to rebut this presumption. "[S]eparate patents describe separate and distinct inventions and it can not be presumed that related patents rise and fall together." *Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535, 1539 (Fed. Cir. 1995) (cleaned up) (discussing collateral estoppel); *see In re Kerydin (Tavaborole) Topical Sol. 5% Pat. Litig. v. Lupin Ltd.*, 2021 WL 5168580, at *3 (D. Del. June 23, 2021), *report and recommendation adopted*, 2021 WL 4398356 (D. Del. Sept. 27, 2021) (finding litigation position not exceptionally weak when ancestor patent found invalid, but child patent claim had an additional limitation later found to be taught by prior art). Simply quoting similar language from invalidated patents is insufficient to show that the patents in this case suffer from the same

11

defects.[9] Plaintiff defending during IPR proceedings and appealing an unfavorable decision do not alone indicate that Plaintiff's position was frivolous.

Plaintiff's claims may have been weak, but to support a finding of exceptionality based on strength of litigating position, Plaintiff's case should "stand out from others" and be "wholly lacking in merit." *See Munchkin*, 960 F.3d at 1378; *Doggyphone LLC v. Tomofun, LLC*, 2023 WL 4743708, at *2–3 (W.D. Wash. Jul. 25, 2023) (stating, other than "mere weakness" of argument, "Generally, some other element must exist pushing a losing party's case over the line from merely weak to 'exceptionally unreasonable[.]'"). Even when all of a plaintiff's asserted patent claims are ultimately invalidated, this by itself is insufficient to render a plaintiff's arguments frivolous and exceptional. *See, e.g., Townsend v. Brooks Sports, Inc.*, 2024 WL 1346857, at *9–10 (W.D. Wash. Mar. 31, 2024) (not exceptionally weak when plaintiff's one asserted claim invalidated by the PTAB and affirmed invalid by the Federal Circuit). Plaintiff's case hardly stands out in this respect when one of its patents was unscathed by the IPR process and survived reexamination too.

Considering the totality of the circumstances, I therefore cannot find that Plaintiff's case is exceptional such that Defendant is entitled to attorneys' fees under § 285. *See Octane Fitness*, 572 U.S. at 554.

---

[9] Defendant's brief does not provide much in the way of analysis in support of its position. (D.I. 45 at 9–10). Perhaps if I had been the one to invalidate the patents, Defendant might be able to assume that I have some familiarity with the merits. But I have done nothing of substance in this case. Defendant has done nothing to connect the dots that it says supports its argument.

12

### D. The court's inherent power

Defendant's motion references the court's inherent power to award attorneys' fees as a sanction and provides the relevant legal standard. (D.I. 44 at 1 of 4; D.I. 45 at 7). Defendant, however, does not make any argument in support of awarding fees pursuant to the Court's inherent power. The argument is therefore forfeited. I deny Defendant's request for attorney's fees and costs under the Court's inherent power.

### E. Attorneys' fees for IPR proceedings

Section 285 does not entitle a prevailing party "recovery of fees incurred in parallel IPR proceedings." *Dragon Intell. Prop. LLC v. Dish Network L.L.C.*, 101 F.4th 1366, 1371 (Fed. Cir. 2024). Defendant no longer seeks recovery of IPR fees under current law. (D.I. 51 at 10). Therefore, this issue is moot.

## IV. CONCLUSION

For the reasons discussed above, I **DENY** Defendant's motion for attorneys' fees and costs. (D.I. 44).

IT IS SO ORDERED

Entered this 29th day of October, 2024

United States District Judge